# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John P. Irvine, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) Destination Wild Dunes Management, ) Inc.; Destination Hotels & Resorts, Inc.; ) and Lowe Hospitality Group, Inc., ) ) Defendants. ) ) ) | Civil Action No. 2:15-980-RMG  **ORDER** |

This matter comes before the Court on Plaintiff's motion for conditional class certification under 29 U.S.C. § 216(b) and approval of a court authorized notice to be sent to eligible class members. (Dkt. Nos. 44-1, 56). Defendants oppose the motion for conditional class certification and object to various aspects of the proposed notice and the manner in which Plaintiff proposes to distribute that notice. (Dkt. No. 55).

By way of background, Plaintiff, who was employed as a server by Defendants (hereafter referred to collectively as "Wild Dunes"), filed this action on March 1, 2015, on behalf of himself and others similarly situated. Plaintiff alleges that Defendant failed to pay tipped workers proper minimum wage under the Fair Labor Standards Act ("FLSA") by requiring tipped employees to spend more than 20% of their work day performing side tasks, by requiring tipped workers to perform unrelated side work, and by failing to pay overtime pay properly when tipped employees worked over 40 hours per week. (Dkt. No. 38 at ¶ 19-38). Plaintiff seeks conditional

-1-

class certification of a collective action "on behalf of all tipped employees earning less that $7.25 per hour who are or were employed by Wild Dunes restaurants and bars from March 1, 2012 through entry of judgment in this case." (Dkt. No. 44-1 at 6). Defendant moved to dismiss the Complaint on a variety of legal grounds, which this Court denied by an order dated May 26, 2015. (Dkt. No. 22). Plaintiff moved on July 23, 2015, for conditional class certification. Defendants filed a memorandum in opposition on August 20, 2015, and Plaintiff filed a reply on August 31, 2015. (Dkt. Nos. 44, 55, 56).

## Conditional Class Certification

The FLSA permits a plaintiff to bring an action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). If an employee desires to join a class action under the FLSA, he or she must "opt-in" by filing with the court a written consent form. A motion for conditional class certification under the FLSA is generally addressed through a two-step process. Prior to initiating the first step, which involves notice to the eligible class members, the Court must determine whether the plaintiff has made substantial allegations that the eligible class members have been collectively the victims of a single decision, policy or plan that is violative of the FLSA. Plaintiff carries the burden at this stage, but this has been recognized to be a "modest" or "lenient" standard. Upon completion of discovery, the court addresses the second stage of the class certification process, which focuses on whether the Plaintiff has met his burden of demonstrating that the class is actually "similarly situated." *Walter v. Buffets, Inc.*, 2015 WL 3903382 at *3-4 (D.S.C. 2015); *Benbow v. Gold Kist, Inc.*, 2007 WL 7595027 at *1-2 (D.S.C. 2007).

Plaintiff, while recognizing that putative class members hold various positions designated

as "tipped positions" by Defendants, alleges that they are all victims of a common scheme or plan by Defendants to violate the FLSA, which has resulted in a substantial underpayment of wages to the proposed class. Defendants address in detail the different job assignments, work sites and payment levels of the putative class, arguing that this proposed class is, in fact, not "similarly situated."

Having carefully reviewed the allegations set forth in the Amended Complaint, the Court is satisfied that Plaintiff has set forth, at this stage, sufficient allegations of a common scheme or plan similarly affecting the proposed class to satisfy the lenient standards of the first step of the conditional class certification process. Defendants will have an ample opportunity at the second stage of the certification process to argue that the class should be decertified. The Court, at that time, will have a full record upon which to make that determination. As for now, the Court grants Plaintiff conditional class certification as requested.

## Notice to the Putative Class

### A.   Substance of the Notice

Upon granting a motion for conditional class certification, the plaintiff is then authorized to send to the putative class members a neutral and accurate notice of their right to opt-in as members of the class. The notice should not imply, in any way, court endorsement of the plaintiff's claim. Plaintiff has submitted to the Court a proposed class notice. (Dkt. No. 44-7).

Defendant has asserted objections to the proposed class notice, which include (1) the failure of Plaintiff to advise eligible class members of their obligation to participate in discovery and potentially attend trial; (2) the failure to advise potential class members they may be responsible for their costs; and (3) the failure to advise potential class members that "liability is

yet to be determined" and that the validity of the 20% rule is "unclear." (Dkt. No. 55 at 23-24).

The Court has reviewed with care the proposed notice of Plaintiff and is satisfied it is a fair and appropriate class notice. The proposed notice makes clear that the Court has not ruled on the merits and that a class member could be called as a witness at trial and be required to attend. (Dkt. No. 44-7 at ¶ 1, 5, 16, 17). The Court finds the additions sought by Defendants are unnecessary and could be misread by prospective class members to discourage their participation in the putative class. The notice should be a neutral communication approved by the Court without recommending or discouraging class participation. The proposed notice of Plaintiff is approved as submitted. (Dkt. No. 44-7). This includes the request of Plaintiff that the putative class members be given a 90-day opt in period.

## B.    Approved Methods of Disseminating Notice

Plaintiff proposes a variety of methods to distribute the court-approved notice, including regular mail, e-mail, text message and telephone. The goal of the Court is to effectively distribute the notice in a manner that is not unduly intrusive. The Court finds that direct calling of putative class members would be unduly intrusive and difficult to regulate. Thus, the Court denies the Plaintiff's request for direct calling of putative class members.

The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication. Political candidates now routinely seek out their supporters' cell phone numbers and email addresses because traditional methods of communication via regular mail and land line telephone numbers quickly become obsolete. The Court is unpersuaded by Defendants'

argument that notice beyond first class mail is "redundant, wasteful . . . and could compromise the integrity of the notice process." (Dkt. No. 55 at 24). Therefore, the Court approves notice via regular mail, email and text messaging.[1]

In order to facilitate proper dissemination of the approved notice, the Court orders and directs Defendants to provide Plaintiff, within 14 days of this order, the following in electronic (Excel spreadsheet) format regarding each Destination Wild Dunes (or its various entities) employee employed at any time between March 1, 2012, through July 21, 2015, who were paid less than an hourly rate of $7.25 per hour:

1. Full legal name;

2. Dates of employment;

3. Most current cell phone number;

4. Most current home phone number (if different);

5. Most current email address; and

6. Most current permanent mailing address.

Plaintiff has further requested the authority to send a follow-up message via text 30 days after sending the initial notice. In light of the Court's approval of the multiple methods to distribute the original notice, the Court is unpersuaded that additional notice is necessary and finds this may take on an element of harassment. The motion to send a follow up message is denied.

Plaintiff further requests that Defendants be required to post the notice at the workplace at

---

[1] Plaintiff has proposed a shortened version of the notice for text messaging. (Dkt. No. 44-8). The Court finds the text message notice fair and appropriate and approves it as written.

the location where the employees clock or sign in. (Dkt. No. 44-1 at 17-18). Defendants oppose posting of the notice because of "the novel nature of the Plaintiff's claims." (Dkt. No. 55 at 26). The Court finds that notice posted at the workplace is a reasonable and effective method to alert putative class members of their right to opt-in. Defendants are directed to post the notice in a prominent place in the immediate vicinity of each work location where putative class members clock or sign in to work during the 90-day notice period. Defendants are directed to advise appropriate supervisory personnel to confirm on a daily basis that the notice is present and not defaced and to promptly replace any missing or damaged notice.

## Conclusion

Based upon the foregoing, the Court grants conditional class certification under 29 U.S.C. § 216(b) to all tipped employees earning less than $7.25 per hour who are or were employed at the Wild Dunes restaurants and bars from March 1, 2012, through entry of judgment of this matter. The Court approves the proposed notice and directs Defendants to provide the required information within 14 days of this order and to post the notice in a prominent place in the workplace during the entire notice period in accord with the requirements set forth in this order.[2]

---

[2] Plaintiff has requested that the Court equitably toll the statute of limitations from the time of the filing of the motion for class certification. (Dkt. No. 44-1 at 18-19). Defendants oppose the motion, arguing that it should be granted only in "extraordinary circumstances." (Dkt. No. 55 at 27). The Court does not feel at this time that it has an adequate record to make a determination on this issue. The Court, therefore, denies the motion for equitable tolling at this time *without prejudice,* which will allow Plaintiff, if he wishes, to move again once a fuller record is available. Plaintiff has also moved the Court to strike statements signed by putative class members after they were interviewed on the work site by defense counsel after this lawsuit was initiated. (Dkt. No. 44-1 at 19-25). The Court will address this issue by separate order.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

September 13, 2015
Charleston, South Carolina

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

September 13, 2015
Charleston, South Carolina