# EXHIBIT 1
# SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN P. IRVINE, ROBERT MILLER, JEREMY ETRESS, LINDA BUSILLO, AND KINDRA GRANT *on behalf of themselves and all others similarly situated*, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:15-cv-00980-RMG ) ) |
| DESTINATION WILD DUNES MANAGEMENT, INC.; DESTINATION HOTELS & RESORTS, INC.; AND LOWE HOSPITALITY GROUP, INC. | ) ) ) ) ) ) |
| Defendants. | ) ) |

## STIPULATION OF SETTLEMENT AND RELEASE

Subject to the approval of the United States District Court for the District of South Carolina ("Court"), and pursuant to 29 U.S.C. § 216(b) of the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Parties, by and through their counsel, agree to the following stipulation of Settlement and Release ("Stipulation of Settlement").

## RECITALS

Whereas, on March 1, 2015, Named Plaintiff John Irvine filed an action entitled John P. Irvine, on behalf of himself and all others similarly situated v. Destination Wild Dunes Management, Inc.; Destination Hotels & Resorts, Inc.; and Lowe Hospitality Group, Inc., No. 2:15-cv-00980-RMG, in the United States District Court for the District of South Carolina (the "Action");

Whereas, in the Action, the Named Plaintiff alleged that Defendants violated the Fair Labor Standards Act ("FLSA"), by requiring tipped employees to perform non-tipped work that was unrelated to their tip-producing work and non-tipped work that was related to their tip-producing work for more than twenty percent (20%) of their workday and, thereby, owed Named Plaintiff and other tipped employees minimum wage for hours worked. The Named Plaintiff sought damages, equitable relief, penalties, attorneys' fees, and costs, on his own behalf and on behalf of similarly situated individuals;

1

Whereas, on March 31, 2015, Defendants filed a motion to dismiss Plaintiff's FLSA claims which was subsequently denied by the Court on May 26, 2015;

Whereas, on June 10, 2015, Defendants filed an Answer and Defenses, and denied that it violated the FLSA;

Whereas on July 23, 2015, the Named Plaintiff filed his motion for conditional class certification and court-authorized notice under the FLSA, and on September 14, 2015, the Court granted that motion;

Whereas, on March 15, 2016, Plaintiff amended the complaint to add four (4) additional Named Plaintiffs, Robert Miller, Jeremy Etress, Linda Busillo, and Kindra Grant, and to add a claim for failure to provide proper notice of the tip credit under 29 U.S.C. § 203(m).

Whereas, 71 individuals filed consent forms to join this action. Four of the Opt-In Plaintiffs, Sarah Collins, David Czarnomski, Scott Forget, and Chantelle Simmons did not work in a tipped position earning less than federal minimum wage during their respective three-year Statutes of Limitation and had no damages. Therefore, the scope of the settlement consists of 67 Plaintiffs who filed consent forms with this Court and were employed by Defendants as tipped employees earning less than full minimum wage, along with the Named Plaintiff, John Irvine, for a grand total of 68 individuals.

Whereas, the Parties agreed to schedule a mediation session following the close of Defendants' depositions and selected David McCormack, Esq. of Womble Carlyle to serve as mediator. The Parties mediated the case on July 14, 2016, and were able to reach a resolution. The Parties vigorously pursued their respective positions and the rights of their clients through extended legal and factual analysis, discovery, and damages analysis and have engaged in good faith, arms-length negotiations regarding settlement. After extensive negotiations, the Parties reached an agreement on the terms and conditions of a settlement as set forth in this Stipulation of Settlement;

Whereas, Defendants have denied and continue to deny each of the claims and contentions alleged by Plaintiffs in this Action, deny any wrongdoing or legal liability arising out of or related to any of the facts or conduct alleged in this Action, and believe that they have valid defenses to Plaintiffs' claims;

Whereas, in agreeing to the settlement embodied in the Stipulation of Settlement, the Parties have considered: (i) the facts developed during the pendency of the Action and the law applicable thereto; (ii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iii) the desirability of permitting the settlement to be consummated according to the terms of the Stipulation of Settlement; and (iv) the conclusion of the Parties and their counsel that the terms and conditions of this Agreement are fair, reasonable, adequate, and that it is in the Parties' best interests to settle the Action as set forth below;

Whereas, the Parties agree to cooperate and take all steps necessary and appropriate to dismiss this Action with prejudice; and

Whereas, it is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement of all Released Claims against all Released Parties.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** among the Parties, by and through their respective attorneys of record, and subject to the approval of the Court, that in consideration of the foregoing and of the promises and mutual covenants contained herein, and other good and valuable consideration, the Action shall be settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

1. **DEFINITIONS**

For purposes of this Stipulation of Settlement, the following definitions shall apply, in addition to the definitions set forth in other sections of this Stipulation of Settlement:

A. "Defendants" shall mean and refer to Destination Wild Dunes Management, Inc.; Destination Hotels & Resorts, Inc.; and Lowe Hospitality Group, Inc.

B. "Action" shall mean and refer to the action entitled *Irvine, et. al. v. Destination Wild Dunes Management, Inc., et. al.*, Case No. 2:15-cv-00980-RMG pending in the United States District Court for the District of South Carolina;

C. "Named Plaintiffs" mean John Irvine, Robert Miller, Jeremy Etress, Linda Busillo, and Kindra Grant.

D. "Opt-In Plaintiffs" shall mean all individuals who filed consent forms with the Court requesting to participate in this Action.

E. "Court" means the United States District Court for the District of South Carolina.

F. "Settling Plaintiffs" shall mean any Named or Opt-In Plaintiffs who are included within the scope of the settlement and who timely execute and return a "Release of Claims Form."

G. "Rejecter" shall mean any Named or Opt-In Plaintiff within the scope of the settlement class who communicates a written rejection within the timeline outlined below.

H. "Non-Responder" shall mean any Named or Opt-In Plaintiff within the scope of the settlement class who does not return a Release of Claims Form and does not meet the definition of a Rejecter.

I. "Plaintiffs' Counsel" shall mean the law firm of Falls Legal, LLC.

J. "Defendants' Counsel" shall mean the law firm of Jackson Lewis, P.C.

3

K. "Settlement Effective Date" shall mean the date upon which the Court enters an Order granting approval of the Stipulation of Settlement.

L. "Released Claims" has the meaning set forth below.

M. "Released Parties" means Defendants together with their owners, parent companies, divisions, subsidiaries, affiliates, trustees, predecessors, successors, transferees, assigns, insurers, officers, directors, members, employees, agents, and representatives.

2. **SETTLEMENT AMOUNT**

A. In consideration for the actions, promises and mutual covenants and releases described herein, and subject to court approval, Defendants agree to pay the total sum of **$455,000.00** (the "Settlement Amount") to resolve all Settling Plaintiffs' Released Claims as described below. The Settlement Amount includes all amounts to be paid by Defendants, including amounts for payments to the Settling Plaintiffs, attorneys' fees, litigation costs and expenses of Plaintiffs' Counsel, and service award payments, as described below. Defendants shall also be responsible for payment of the employer's share of payroll taxes resulting from payments of the Settlement Amount to Settling Plaintiffs and such amount shall not be deducted from the Settlement Amount described herein. The Settlement Amount will be apportioned as follows:

(1) <u>One-Hundred Seventy-Nine Thousand Dollars ($179,000.00) will be distributed pro rata to the Plaintiffs</u>. Half of this amount will represent back wages and half will represent liquidated damages, penalties, and other consideration for all Settling Plaintiffs. Each Settling Plaintiff will receive two separate checks from Defendants, each of which will be for 50% of the settlement amount allocated to that Settling Plaintiff in Exhibit A. The first check will be allocated to wages, and payroll taxes will be withheld from this payment, which will be reported on a W-2 form. The second check will be allocated to liquidated damages under the FLSA, and payroll taxes will not be withheld from this payment, which will be reported on a IRS 1099 form. Defendants shall pay the employer's share of all required payroll taxes on the payments outlined in this subparagraph. Subject to the Court's approval of the service awards described further below, any applicable service award will be added to the 1099 check from which no taxes will be withheld.

 a. It is expressly understood and agreed that the receipt of any payment under this Settlement Agreement will not entitle any Plaintiff to additional compensation or benefits from Defendants.

 b. Each Plaintiff's pro rata share of the Settlement Fund was

4

      calculated based on the hours they reported working over a three-year statute of limitations period along with their regular rate of pay.[1] Each Plaintiff's share is listed on the Payment Schedule attached hereto as Exhibit A. The individual settlement offers outlined in this Section and in Exhibit A are based on the allocation formula developed by Plaintiffs' counsel, and reviewed and approved by Defendants.

   c. Each Settling Plaintiff shall be entitled to obtain his or her own independent tax advice concerning the proper income reporting and tax obligations regarding any and all payments and/or other remuneration he or she receives or obtains pursuant to this Stipulation of Settlement, and shall further assume the responsibility of remitting to the IRS and any other relevant taxing authorities any and all amounts required by law to be paid out of any monies received, or other remuneration obtained, under this Stipulation of Settlement, without any contribution whatsoever from any of the Released Parties or Plaintiffs' Counsel. Nothing in this Stipulation of Settlement shall be construed as Defendants or Plaintiffs' Counsel providing any advice regarding the reporting or payment of taxes or the tax consequences of a Settling Plaintiff's participation in any portion of this Stipulation of Settlement.

(2) <u>Thirty-thousand Dollars ($30,000.00) in Service Awards</u>: Subject to Court approval, Plaintiffs John P. Irvine, Robert Miller, and Linda Busillo shall receive five thousand dollars each ($5,000.00) in recognition for their service as Named Plaintiffs. These three individuals have contributed substantial time, resources, and efforts on behalf of the class since the beginning of the litigation. Additionally, subject to Court approval, Plaintiffs Jeremy Etress and Kindra Grant shall receive two thousand five hundred dollars ($2,500.00) each for their service as Named Plaintiffs through a portion of the case and the time, resources, and efforts, they expended on behalf of the class, including providing a deposition and participating in written discovery. Lastly, subject to Court approval, Catherine Herman, Sean Roche, Angie Villegas, Francis Farley, Chris Ciappa, Robert Melton, Olivia Hammond, Ana Alexandra Richards, Rebecca Davis, and Marcus Morillo shall receive one thousand dollars ($1,000.00) each

---

[1] Four individuals that filed consents to participate in this lawsuit did not work in a tipped job during the applicable three-year statute of limitations. Accordingly, they have no damages and no recovery in this settlement. They are Sarah Collins, David Czarnomski, Scott Forget, and Chantelle Simmons.

for their service as discovery opt-ins. These ten individuals contributed substantial time, resources, and efforts associated with preparing for and attending depositions in this case and responding to written discovery on the deponent sub-class. The total of the service awards is $30,000.00. Defendants agree not to oppose any request made by Plaintiffs to the Court for the above service awards. With respect to any service award approved by the Court, Defendants shall add service awards to the 1099 liquidated damage check issued to each Settling Plaintiff. <u>Furthermore, it is understood that should the Court not approve any portion of the requested service awards in this paragraph, such funds that are not approved will not revert to Defendants and, instead, will be reallocated to the Settling Plaintiffs on a pro rata basis.</u>

**B.** Subject to Court approval, Defendants will pay Plaintiffs' counsel Two Hundred Forty Six Thousand Dollars ($246,000.00) in attorney's fees and expenses, for which Defendants will issue an IRS Form 1099 to Plaintiffs' counsel. Defendants agree not to oppose any request made by Plaintiffs to the Court for the above amount in attorney's fees and expenses. Plaintiffs' Counsel shall not be entitled to any additional attorney's fees and expenses in connection with this Litigation in excess of what is approved by the Court in connection with this Settlement Agreement. If the Court refuses to approve Plaintiffs' counsel's attorney's fees as stated herein, and Plaintiffs' counsel must take any additional action to obtain approval, such as filing a fee petition with the Court, Defendants agree not to oppose any such action as long as Plaintiffs' counsel requests no more than $246,000.00 in attorney's fees and costs in such petition. All payments for attorney's fees and costs shall be made within ten (10) calendar days from the date that the Court issues an Order approving this settlement.

**C.** Plaintiffs and Defendants agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the District of South Carolina in conjunction with the case captioned *Irvine et al. v. Destination Wild Dunes Management, Inc., et al.*, Case No. 2:15-cv-00980-RMG (D.S.C.) (the "Action"). This includes jointly moving the Court to approve the terms of this settlement, which shall include a request that this Court certify for settlement purposes only a class of the Opt-In Plaintiffs for Plaintiffs' "Notice" claim which was added to Plaintiffs' Complaint on March 15, 2016 after this Court granted Plaintiffs' Motion for Conditional Certification. Plaintiffs also agree to take all action necessary to have the claims in the Litigation dismissed with prejudice.

**D.** Defendant shall pay all costs of mediation invoiced by Mediator David McCormack, Esq.

**E.** <u>Change in Policy</u>: Subject to Court Approval, Defendants agree to pay all employees paid a direct wage of less than minimum wage ("Tipped Employees") working at the Wild Dunes Resort at an hourly rate of minimum wage or higher for all hours worked outside of the scheduled hours of operation in which the respective employee's assigned dining room is open to the public. Dining room personnel (Servers, Bussers, etc.) will be paid minimum wage

or higher for all hours worked other than the hours in which each Tipped Employee's assigned dining room is open to the public for Breakfast, Lunch, or Dinner. Bartenders will be paid minimum wage or higher for all hours worked other that the hours in which the Lounge or Bar is open to the public in each outlet. Defendants can adjust the measures contained within this subparagraph to reflect any interim or future opinions or rulings by the United States Department of Labor, Fourth Circuit Court of Appeals, or U.S. Supreme Court on the applicability of the "80/20 rule."

3. **COMMUNICATING SETTLEMENT OFFERS; REJECTORS AND NON-RESPONDERS**

   A. Plaintiffs' Counsel shall be responsible for distributing the notice of this settlement to the Plaintiffs within the scope of the settlement class. To be eligible to receive his/her settlement checks, each Plaintiff within the scope of the settlement class must sign and return a Release Form, attached hereto as Exhibit B, no later than 90 days following Plaintiffs' Counsel's receipt of the settlement checks.

   B. Each Plaintiff within the scope of the settlement class shall have the opportunity to accept or reject his/her individual settlement offer. Any rejections must be communicated in writing to Plaintiffs' Counsel no later than 30 days following Plaintiffs' Counsel's receipt of the settlement checks. A Plaintiff within the scope of the settlement class who communicates a rejection is referred to herein as a "Rejecter." Rejecters shall be dismissed without prejudice and he/she shall have thirty (30) days from the date the rejection is communicated to Plaintiffs' Counsel within which to file a subsequent claim should he or she choose to do so. Failure to re-file his/her claim within this timeline will result in his/her forfeiture of consent-based tolling. Rejecters will not be bound by the Release outlined herein. Plaintiffs' Counsel will promptly advise Defendants' Counsel in the event any such rejections are received and will return the settlement checks made payable to any such Rejecters to Defendants' Counsel. The settlement monies allocated to any such Rejecters shall revert to Defendants.

   C. Any Opt-In Plaintiff within the scope of the settlement class who does not return a Release Form and does not meet the definition of a Rejecter is referred to herein as a "Non-Responder." Non-Responders will be dismissed from the Action without prejudice. Plaintiffs' Counsel agrees to return the settlement checks made payable to any such non-responders following the close of the non-responder period, 90 days after Plaintiffs' Counsel's receipt of the settlement checks.

   D. Counsel for the Parties agree, within the boundaries of applicable ethical rules, that they will not attempt, directly or indirectly, to encourage any Plaintiff to reject his or her individual settlement offer. Plaintiffs' Counsel further agree, within the boundaries of applicable ethical rules, that they will recommend acceptance of the individual settlement offer to each Plaintiff within the scope of the settlement class.

4. **SETTLEMENT PAYMENT AND DISTRIBUTION OF CHECKS**

   **A.**  Within ten (10) calendar days of the Court's approval of the Settlement, Defendants shall provide to Plaintiffs' Counsel all of the settlement checks, including service awards, for each Settling Plaintiff by Fed-Ex or similar delivery.  Checks to Settling Plaintiffs shall indicate on their face that they will be void after ninety (90) days.  Accordingly, Settling Plaintiffs shall have ninety (90) days to cash, deposit, or otherwise negotiate each of their settlement checks.

   **B.**  Plaintiffs' Counsel will keep the checks in their possession until such time as each Settling Plaintiff executes the Release attached as Exhibit B, either electronically or by hand.  Upon execution of the Release, Plaintiffs' Counsel will deliver the checks to the Settling Plaintiff and forward the executed Release to Defendants' Counsel.

   **C.**  Settlement checks that have not been cashed, deposited, or otherwise negotiated within 90 days shall be null and void.  Defendants shall provide Plaintiffs' Counsel with a list of the Settling Plaintiffs who have not cashed their checks thirty (30) days prior to the expiration of this 90-day period.

5. **RELEASE OF WAGE CLAIMS**

   Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each and every Settling Plaintiff, on behalf of his/her respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns, releases and forever discharges (i) Defendants; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendants; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation, whether known or unknown, through the date of this Settlement Agreement and Release, limited to wage claims under federal, state, or local law for hours worked, including but not limited to such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked up to and including the date of this Settlement Agreement and Release.

6. **ACKNOWLEDGMENTS AND AFFIRMATIONS.**  By executing the attached Release, each Settling Plaintiff affirms that he or she has not filed, caused to be filed, or presently is a party to any claim against any Defendants, except those in the Litigation.

7. **GOVERNING LAW AND INTERPRETATION.** This Settlement Agreement and Release shall be governed and interpreted in accordance with federal law and the law of South Carolina, to the extent federal law does not apply.

8. **NONADMISSION OF WRONGDOING.** The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. Defendants expressly deny any wrongdoing whatsoever in connection with the allegations in the Lawsuit.

9. **AMENDMENT.** This Settlement Agreement and Release may not be modified, altered, or changed except in writing and signed by all Parties.

10. **ENTIRE AGREEMENT.** This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

11. **COUNTERPARTS.** This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

12. **INVALID WITHOUT COURT APPROVAL.** This Settlement Agreement and Release is subject to approval by the United States District Court for the District of South Carolina in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release.

13. **NO SIGNATURE REQUIRED BY OPT-IN PLAINTIFFS.** Because the Opt In Plaintiffs are so numerous, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each Opt In Plaintiff execute this Agreement. To confirm their agreement to the terms of this Settlement Agreement and Release, each Settling Plaintiff shall sign electronically or by hand the attached short-form Release, Exhibit B, prior to taking possession of their checks from Plaintiffs' Counsel.

14. **RETENTION OF JURISDICTION.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all

orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**DESTINATION WILD DUNES MANAGEMENT, INC.**

By: _____         Date: _____

**DESTINATION HOTELS & RESORTS, INC.**

By: _____         Date: _____

**AND LOWE HOSPITALITY GROUP, INC.**

By: _____         Date: _____

**DEFENDANTS' COUNSEL**

By: _____         Date: _____

**JOHN IRVINE (on behalf of himself and all Opt In Plaintiffs):**

By: _____         Date: _____

**PLAINTIFFS' COUNSEL**

By: _____         Date: _____

# EXHIBIT A
# DAMAGE CALCULATIONS AND ALLOCATIONS

| Last Name | First Name | Incentive Award* | Damage Amount** | Total |
|---|---|---|---|---|
| Andre | Rochenel | | $1,474.64 | $1,474.64 |
| Austin | Adam | | $828.44 | $828.44 |
| Barnett | Sharon | | $349.36 | $349.36 |
| Baumann | Heather | | $33.08 | $33.08 |
| Blake | Marsha | | $4,646.68 | $4,646.68 |
| Buckles | Melinda | | $7,583.52 | $7,583.52 |
| Busillo | Linda | $5,000.00 | $11,688.84 | $16,688.84 |
| Cagney | Erin | | $1,322.64 | $1,322.64 |
| Childs | Hiers | | $320.48 | $320.48 |
| Christie | Sheryl | | $14.38 | $14.38 |
| Ciappa | Chris | $1,000.00 | $1,167.82 | $2,167.82 |
| Colon | Hannah | | $8,609.98 | $8,609.98 |
| Cunningham | Rachel | | $785.00 | $785.00 |
| Davis | Rebecca | $1,000.00 | $1,920.30 | $2,920.30 |
| Eady | Cedric | | $1,370.76 | $1,370.76 |
| Etress | Jeremy | $2,500.00 | $2,973.28 | $5,473.28 |
| Fain | Benjamin | | $60.56 | $60.56 |
| Farley | Francis | $1,000.00 | $5,883.32 | $6,883.32 |
| Galvin | Matthew | | $108.34 | $108.34 |
| Grant | Kindra | $2,500.00 | $485.18 | $2,985.18 |
| Grant | Thomas | | $4,200.36 | $4,200.36 |
| Hammond | Olivia | $1,000.00 | $5,175.32 | $6,175.32 |
| Hartman | Abby | | $677.56 | $677.56 |
| Henderson | Kyle | | $120.58 | $120.58 |
| Herman | Catherine | $1,000.00 | $775.36 | $1,775.36 |
| Hillmer | Amanda | | $89.08 | $89.08 |
| Himebaugh | Matthew | | $120.94 | $120.94 |
| Horton | Sarah | | $1,574.76 | $1,574.76 |
| Irvine | John | $5,000.00 | $7,506.86 | $12,506.86 |

| | | | | |
|---|---|---|---|---|
| Kariabas | Celina | | $5,431.84 | $5,431.84 |
| Lubiani | Michael | | $1,142.00 | $1,142.00 |
| Mahon | Richard | | $137.82 | $137.82 |
| Melton | Robert | $1,000.00 | $5,136.48 | $6,136.48 |
| Meyers | Morgan | | $1,269.80 | $1,269.80 |
| Miller | Robert | $5,000.00 | $8,694.00 | $13,694.00 |
| Mills | Dennis | | $1,118.02 | $1,118.02 |
| Morillo | Marcus | $1,000.00 | $20,597.38 | $21,597.38 |
| Neely | Alice | | $12,278.64 | $12,278.64 |
| Nordstrom | Deborah | | $1,376.76 | $1,376.76 |
| Nuttall | Cori | | $998.82 | $998.82 |
| Ormson | Trevor | | $1,263.02 | $1,263.02 |
| Paulsen | Kollin | | $317.02 | $317.02 |
| Rapp | Emily | | $931.38 | $931.38 |
| Reamer | Stephen | | $1,814.60 | $1,814.60 |
| Reig | Melissa | | $1,836.78 | $1,836.78 |
| Reig | Kenneth | | $3,853.32 | $3,853.32 |
| Richards | Ana Alexandra | $1,000.00 | $1,403.14 | $2,403.14 |
| Rifkin | Carl | | $1,654.08 | $1,654.08 |
| Roberts | Chazz | | $1,796.08 | $1,796.08 |
| Roberts | Shauna | | $2,180.04 | $2,180.04 |
| Roberts | Tammy | | $698.60 | $698.60 |
| Roche | Sean | $1,000.00 | $2,292.82 | $3,292.82 |
| Sass | Tony | | $1,977.04 | $1,977.04 |
| Schilling | Mason | | $107.08 | $107.08 |
| Schweikart | Robert | | $1,319.18 | $1,319.18 |
| Shepard | Skylar | | $1,153.14 | $1,153.14 |
| Shockley | James | | $2,651.80 | $2,651.80 |
| Skewes | Laura | | $760.92 | $760.92 |
| Smith | Hannah | | $624.34 | $624.34 |

| | | | | |
|---|---|---|---|---|
| Smith | Thomas | | $589.20 | $589.20 |
| Smoak | Kara | | $2,021.74 | $2,021.74 |
| Stoner | Corey | | $252.30 | $252.30 |
| Villegas | Angie | $1,000.00 | $11,158.46 | $12,158.46 |
| Wade | Brandon | | $2,682.10 | $2,682.10 |
| Wessinger | Brandon | | $969.66 | $969.66 |
| West | Lauren | | $252.30 | $252.30 |
| Wright | Indiah | | $1,260.60 | $1,260.60 |
| Young | Travis | | $1,130.28 | $1,130.28 |
| | | | | |
| | | 30000 | $179,000.00 | $209,000.00 |
| | | | | |
| | | *subject to Court approval | | |
| | | **100% based on 3 year SOL | | |

# EXHIBIT B
# OPT-IN RELEASE

# Exhibit B

### RELEASE ENDORSEMENT TO BE DISTRIBUTED WITH SETTLEMENT CHECKS

*Irvine, et. al. v. Destination Wild Dunes Management, Inc., et. al.*
In the United States District Court for the District of South Carolina
2:15-cv-00980-RMG

As a consequence of accepting, cashing and/or depositing the settlement checks issued to me, I hereby forever discharge and release Defendants and each of their parents, divisions, current or former subsidiaries, affiliates, successors, assigns, divisions, current or former officers, directors, trustees, agents, employees, shareholders, representatives, advisors, insurers, attorneys, or employee benefit or welfare programs or plans, from any and all claims that were or could have been brought by me in the above-reference Action, whether known or unknown, through the date of this Settlement Agreement and release, limited to wage claims under federal, state, or local law for hours worked, including but not limited to such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked up to and including the date of the signing of this Release.

_____          _____
Signature                                                        Mailing/Street Address *

_____          _____
Print Name                                                     City, State, Zip Code *

_____          *This is the address we will use to
Date                                                                mail your checks and tax documents